IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ELMER LEONARD BURRELL,

    Petitioner,
v.                                                            CASE NO. 5:14-cv-207-MW-GRJ

N.C. ENGLISH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 1, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Respondent filed a response, ECF No. 13, and the petition is otherwise ripe for review. Upon due consideration, the undersigned recommends that the Petition be dismissed.

### I. Background

Petitioner was adjudicated guilty in 2003 for conspiracy to possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). (ECF No. 16 at 3.); *United States v. Burrell*, Case No. 2:02-cr-96-FtM-29DNF (M.D. Fla.). As a result, Petitioner's maximum sentence was 40 years. 21 U.S.C. § 841(b)(1)(B).

At the time of Petitioner's sentence, he was eligible for Chapter Four

Enhancements as a "career offender" under §4B1.1 of the United States Sentencing Guidelines—"The offense of conviction is a controlled substance offense, and the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense." (ECF No. 16 at 8.). The two relevant prior felony convictions were (1) carrying a concealed firearm and (2) possession with intent to sell cocaine. *Id.* On April 21, 2003, Petitioner was sentenced to 188 months' imprisonment followed by 48 months of supervised release. (ECF No. 1 at 8; ECF No. 13 at 4.) Petitioner filed a notice of appeal, but the court of appeals dismissed it pursuant to Petitioner's appeal waiver in his plea agreement. (ECF No. 13 at 4.)

On November 12, 2004, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1] (ECF No. 13-1 at 42.) The motion was denied as having no merit at the time of Petitioner's motion. *Id.* at 52.

Petitioner, confined at FCI Marianna at the time of filing,[2] filed the

---

[1] Petitioner, however, erroneously asserts in his petition that he never filed a motion under 28 U.S.C. § 2255. (ECF No. 1 at 2.)

[2] According to the Federal Bureau of Prisons website, Petitioner is currently confined at Miami RRM. The proper respondent, however, is identified at the time of filing the petition, not at the time the Court rules on the petition. Stokes *v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004) ("[I]t is clear that the only proper

instant Petition on August 26, 2014. (ECF No. 1.)

## II.  Discussion

The sole claim raised in the Petition is that Petitioner no longer qualifies as a "career offender." (*Id.* at 7.) Petitioner argues that under the Eleventh Circuit's decision in *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), his prior conviction for carrying a concealed firearm no longer qualifies as a "crime of violence"—a predicate offense for career offender enhancements. (*Id.* at 9-10.) Petitioner says that *Archer* applies retroactively and that because the conviction for carrying a concealed firearm no longer qualifies as a crime of violence, he only has one relevant prior felony conviction and, therefore, does not qualify as a career offender under the Sentencing Guidelines.

Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Congress established § 2255 as the primary

---

respondent . . . [is] his 'immediate custodian'-that is, the warden of the . . . facility in which he was incarcerated *at the time he filed the petition*." (emphasis added)).

Thus, despite Petitioner's move in facilities, the Court retains jurisdiction over this Petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *Stokes*, 374 F.3d at 1239 ("[I]f [Petitioner] had filed his petition in the United States District Court for the Northern District of Ohio, naming the Ohio warden as the respondent, then under *Endo* that court would have retained jurisdiction over his petition notwithstanding [Petitioner's] later transfer to the federal penitentiary in South Carolina where he is now incarcerated.").

means of collateral attack on a federal sentence. *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990). Section 2255 provides that "[a]n application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief . . . ." 28 U.S.C. § 2255(e).

In the Middle District of Florida, the district of conviction, Petitioner filed a motion under § 2255. (ECF No. 13-1 at 42.) The court there dismissed his petition because it had no merit. (*Id.* at 52.) Because Petitioner's previous § 2255 motion was denied, Petitioner may not file another motion under § 2255 without first receiving permission from the United States Court of Appeals. *See* § 2255(h). Nothing in the record before this Court suggests that Petitioner has complied with this requirement.

Under limited circumstances, however, a petitioner may invoke the "savings clause" in § 2255(e), which permits a petitioner to seek relief under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." This provision provides a very different—and much more limited— avenue

of relief than the relief provided for in a § 2255 motion to vacate or correct an illegal sentence. The Eleventh Circuit has explained:

> When Congress enacted section 2255, it created a mechanism for a prisoner to challenge his 'sentence' in the court that sentenced him, but Congress left open the opportunity for a prisoner to file a petition for a writ of habeas corpus in the district of his confinement "to test the legality of his detention."

*Samak v. Warden, FCC Coleman-Medium,* 766 F.3d 1271, 1279 (11th Cir. 2014) (Pryor, J., concurring); *compare* 28 U.S.C. § 2255(a) (vacating, setting aside, or correcting the *sentence*), *with id.* § 2255(e) (testing the legality of the *detention*). Thus, a prisoner may proceed under § 2241 "only when he raises claims outside the scope of § 2255(a), that is, claims concerning the *execution* of his sentence." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) (emphasis added). "[I]t is inconceivable that the savings clause is reserved for those prisoners who want a second bite at the apple to challenge the legality of their sentences by petitioning for a writ of habeas corpus in the districts that confine them after they already challenged the legality of their sentences in the courts that sentenced them." *Samak*, 766 F.3d at 1281.

To proceed under the savings clause of § 2255(e), the Eleventh Circuit requires that a § 2241 petitioner satisfy the following five specific

requirements: (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, Circuit precedent specifically and squarely foreclosed the claim raised in the § 2241 petition; (2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent; (3) the Supreme Court decision applies retroactively on collateral review; (4) as a result of the retroactive application of the Supreme Court decision the petitioner's current sentence exceeds the statutory maximum; and (5) the savings clause of § 2255(e) reaches the petitioner's claim. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1257 (11th Cir. 2013).  All five of these factors must be met before the Court is authorized under the savings clause in § 2255(e) to consider the merits of a § 2241 petition.  Notably, "[t]he petitioner bears the burden of demonstrating that the § 2255 remedy was 'inadequate or ineffective to test the legality of his detention' for purposes of § 2255(e)." *Id.* at 1262 (quoting *Turner v. Warden*, 709 F.3d 1328, 1333 (11th Cir. 2013)).

It is not necessary to address all five of the *Bryant* factors because Petitioner cannot satisfy the fourth factor. *Bryant* expressly clarified that "the savings clause does not reach a guidelines-error sentencing claim when the prisoner's sentence does not exceed the statutory maximum."

738 F.3d at 1264 (citing *Gilbert v. United States*, 640 F.3d 1293, 1295 (11th Cir. 2011)). Simply put, under the fourth *Bryant* factor a petitioner must show that his total sentence exceeds the statutory maximum for each crime of conviction. *Id.* Petitioner has failed to do so here.

Petitioner's total sentence does not exceed the statutory maximum for the crime of conviction. The maximum sentence for conspiracy to possess with intent to distribute five grams or more of cocaine base is 40 years imprisonment. 21 U.S.C. § 841(b)(1)(B). Petitioner was sentenced to 188 months' imprisonment, a sentence significantly less than the statutory maximum for his underlying offense. In sum, because Petitioner cannot satisfy all five *Bryant* factors, the savings clause does not apply, and therefore Petitioner is not entitled to seek relief under § 2241.

In Petitioner's most recent filing with the Court, he asks the Court to move forward on his case because he is not a career offender under *Johnson*. (ECF No. 21.) Even if the Court could address the merits of Petitioner's argument that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), his argument is squarely foreclosed by recent Eleventh Circuit precedent.

The Supreme Court's ruling in *Johnson* is inapplicable to Petitioner's

situation because *Johnson* addressed the definition of "violent felony" under the Armed Career Criminal Act of 1984 and the role of prior convictions for violent felonies in enhancing sentences, 135 S. Ct. at 2555, and not, as here, a situation where an individual was sentenced as a career offender under the Guidelines. Current Eleventh Circuit precedent forecloses the application of *Johnson* to sentences under the Sentencing Guidelines. *See United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015), *rehearing en banc denied*, __ F. 3d __ , 2016 WL 4757211 (11th Cir. September 13, 2016) (holding that *Johnson* does not apply to sentences under the Sentencing Guidelines when advisory); *In re Griffin*, 832 F.3d 1350 (11th Cir. 2016) (holding that *Johnson* does not apply to sentences under the Sentencing Guidelines when mandatory). Because Petitioner was sentenced under the Sentencing Guidelines, as opposed to ACCA, *Johnson* is inapplicable to Petitioner's situation regardless of the Eleventh Circuit's decision in *Archer*.

Petitioner's unfounded *Johnson* claim aside, he ultimately cannot show under the fourth *Bryant* factor that he is serving a sentence above the statutory maximum, and thus he is not entitled to relief under 28 U.S.C. § 2241. The Petition therefore is due to be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

The Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, should be **DISMISSED.**

**IN CHAMBERS** this 28th day of September, 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.